UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL C. TOWNSEND,

      Plaintiff,

v.                                                            Case No. 8:16-cv-3299-T-17MAP

JOHN GRANT, *et al*,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, recently removed this action to this Court (docs. 1, 4). The eighty-one page Complaint, which is incomprehensible, contains a myriad of claims, including human trafficking and conspiracy, against dozens of attorneys, judges, former and present public officials, and private corporations and citizens (doc. 6). Plaintiff failed to pay the filing fee and instead seeks to proceed *in forma pauperis* (doc. 5). At issue now is whether Plaintiff's Complaint (doc. 6), as well as his motion to proceed *in forma pauperis* (doc. 5), satisfy the threshold demands of 28 U.S.C. § 1915.[1] After reviewing Plaintiff's notice of removal (docs. 1, 4), I find the case is improperly in this Court. The right to remove is limited to "true" defendants. *See* 28 U.S.C. § 1441 (providing that a defendant may remove a civil action to federal court); *Rigaud v. Broward Gen. Med. Ctr.*, 346 F. App'x 453, 454 (11th Cir. 2009) (per

---

[1] Section 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted. A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

curiam). In other words, plaintiffs – even those named as counter defendants – may not remove cases to federal court. *Eldred v. Seafarer Expl. Corp.*, No. 8:13-CV-2696-T-30, 2013 WL 5954788, at *1 (M.D. Fla. Nov. 7, 2013). Thus, Plaintiff had no right to remove this case.[2] Because the case is improperly before this Court, I RECOMMEND

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 5) be denied;

2. This case be remanded to state court and closed.

IT IS SO REPORTED in Tampa, Florida on December 16, 2016.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

---

[2] Even if the Complaint were originally filed in this Court, Plaintiff could not proceed *in forma pauperis* because his allegations are "fanciful," "fantastic," and "delusional". *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

2