UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL C. TOWNSEND,

        Plaintiff,

vs.                                                  Case No. 8:16-cv-3299-T-27MAP

JOHN GRANT, et. al,

        Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. 5) be denied and that this case be remanded to state court and closed. Plaintiff objects to the R&R (Dkt. 12). Upon *de novo* review of the Magistrate Judge's legal conclusions, the R&R is adopted and approved in all respects.[1]

Liberally construing his Notice of Removal (Dkt. 1) and Amended Notice of Removal (Dkt. 4), it is apparent that Plaintiff seeks removal of a case before the Florida Supreme Court. According to his Notice of Removal, Plaintiff is a counter-defendant in two cases, one in Florida's 18th Judicial Circuit "since 1988," and the other, identified only as "15CA1928." He also states that he is a

---

[1] A district court may accept, reject or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). In the absence of specific objections, there is no requirement that factual findings be reviewed *de novo*, and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Legal conclusions are reviewed *de novo*, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010) (citing *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982)); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

respondent in three other unidentified state court actions. Notwithstanding, he expressly states:

> In this Action since 11/18/1987, and pursuant to 28 U.S.C. Section 1441, 1443 and 1446, timely file this *Amended Notice of Removal from the Florida Supreme Court to the U.S. District Court, Middle District of Florida.*

(Dkt. 1, p. 2) (emphasis added). More specifically, his Notice of Removal seeks removal as a result of "Orders of the Florida Supreme Court of 11/15/2016," based on "new information Townsend Appellants just this week since the 11/15/2016, Order learned of . . ." (*Id.*).[2]

In his Amended Notice of Removal (Dkt. 4), among other things, Plaintiff states he is:

> a Counter Defendant in case 88-2554 (18th Cir.) Since 7/8/88, and Respondent in case 01-15813 and 01-15814 and 02-4974 and Counter Defendant also in 15CA 1928 for Defendants Fraud and Deceptive and lack of Honest Services Frauds For their Malicious Enterprise and RICO and therefore for All Appellants Townsend states the following:
>
> 1. In this Action since 11/18/1987, and pursuant to 28 U.S.C. Section 1441, 1443 and 1446, timely file this *Amended Notice of Removal from the Florida Supreme Court to the U.S. District Court, Middle District of Florida.*

(Dkt. 4, p. 2) (emphasis added).[3]

Plaintiff apparently seeks federal review of "the Orders of the Florida Supreme Court of 11/15/2016," by removing that case to federal court (Dkt. 4, p. 1).[4] In sum, rather than attempting to remove a pending state court action based on federal jurisdiction in which he is named as a

---

[2] Among his fanciful and frivolous ramblings, Plaintiff alludes to state court judges failing to recuse themselves in a matter in which he was evidently a party, their failure to allow him to conduct discovery, the withholding of "evidence of exparte collusion and bribery," and references that he had a "Non Compete Contract." He asserts: "These links show corruptive influence since 1987,of the Judicial, Executive and Legislative branches which conceal Fraud and Deceptive Practices and failed Honest Services per 18 U.S.C. 1346 . . ." (*Id.*)

[3] In the heading of his Amended Notice of Removal, he references "CASE NO. F.SCT16-1501 L.T. 5D-16-2184 L.T. 2D-16-0612," " Circuit case 292015-CA-1928A001HC," and "A Continued 1.540 Action from Case: 88-2554 18th Cir.; FSCT 86,918 As Shown Herein."

[4] Plaintiff alludes to "conspiracy," "CHILD AND HUMAN ABDUCTING AND TRAFFICKING", "Murder and Attempted Murder ; Illegal Drugs USE and TRAFFICKING; Battery, Bribery, Theft even of Designated Religious Society's Funds and Right from naive children and Senior Citizens by 'implanted Solider/Agents' in a 'Not For Profit', and Malum Prohibitum," among other things (Dkt. 4, p. 3). In his Affidavit of Insolvency, he describes the nature of the actions as: "Whistle Blower Civil Rights Action for Rico, Hobbs Act Human Trafficking, Religious Society Torts, Tort Interference with Children, Thefts." (*Id.*)

2

defendant, Plaintiff seeks federal review of orders of the Florida Supreme Court with which he disagrees.[5]

This court lacks jurisdiction to review orders of the Florida Supreme Court. *Doe v. Florida Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983)) ("a United States District Court has no authority to review final judgments of a state court in judicial proceedings"). The Magistrate Judge is therefore correct that removal was improper, since the right to remove is limited to "true" defendants. *See* 28 U.S.C. § 1441. Accordingly, this matter will be remanded to the Florida Supreme Court, as this court lacks subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Accordingly, a federal court is "'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'" *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting *Galindo-Del Valle v. Att'y Gen.*, 213 F.3d 594, 599 (11th Cir. 2000)). That responsibility "applies equally in removal cases." *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995).

The statutory right of removal is strictly construed, as it is considered a federal infringement on a state's authority to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Accordingly, when a federal court's jurisdiction is questionable, any doubts are resolved in favor of remand. *See Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir.1998); *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir.1997). Plaintiff, as the removing party, has the burden of demonstrating the propriety of removal. *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir.1996). He has not carried that burden.

---

[5] Plaintiff has filed at least two other actions in this court which include similar incomprehensible allegations, assertions and ramblings. Case No. 8:12-cv-1198-T-17EAJ; Case No. 8:06-cv-02050-23-TGW.

3

Apparently realizing that his attempt at removal was destined to fail, Plaintiff filed an "Amended Complaint" (Dkt. 11). Even liberally construing the "Amended Complaint," I find that Plaintiff's incomprehensible ramblings are frivolous, and that his purported legal theories are indisputably without any arguable merit in law or fact, and therefore fail to state a claim.

A district court is authorized under 28 U.S.C. §1915(e)(2)(B) to *sua sponte* dismiss an indigent non-prisoner's complaint which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.[6] *See Quinlan v. Personal Transport Services Co.*, 329 F. App'x 246 (11th Cir. 2009) (affirming *sua sponte* dismissal of complaint for failure to state a claim pursuant to § 1915(e)); *Trupei v. United States*, 304 F. App'x 776, 780-81 (11th Cir. 2008) (same). A frivolous claim is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

In short, the "Amended Complaint" states no viable cause of action giving rise to jurisdiction in this court. Accordingly, this action is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(d).[7] *See Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (Section 1915 accords judges the authority to dismiss a claim based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless).

---

[6] Section 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir.2004); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n. 1 (11th Cir.1997)(Lay, J. concurring).

[7] Although § 1915(a) is intended to provide indigent litigants with meaningful access to courts, § 1915 creates no absolute right to commence a civil proceeding without payment of costs. Rather, it affords only a privilege of proceeding in forma pauperis. *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969).

4

After consideration of the R&R and an independent examination of the file, this Court is of the opinion that the R&R should be adopted, confirmed, and approved in all respects. Accordingly,

1) The Report and Recommendation (Dkt. 7) is adopted and approved. This case is **REMANDED** to the Florida Supreme Court.

2) Plaintiff's motion to proceed *in forma pauperis* (Dkt. 5) is **DENIED**.

3) The "Amended Complaint" is **DISMISSED** under 28 U.S.C. § 1915.

4) The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** on this 19th day of January, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copy to: *Pro se* Plaintiff